## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### Boston Division

JAMES J. BRADY JR.                    :
2 W. Hobart Street                    :
Nashua, NH 03060                      :
                                      :
            Plaintiff                 :
                                      : **05  1128₁** GAO
      vs.                             : JURY TRIAL DEMANDED
                                      :
NATIONAL RAILROAD                     :
PASSENGER CORPORATION                 :
253 Summer Street                     :           RECEIPT #_____ 65096
Boston, MA 02210                      :           AMOUNT $_____ 250.00
                                      :           SUMMONS ISSUED___2___
      and                             :           LOCAL RULE 4.1___✓___
                                      :           WAIVER FORM ___✓___
BOSTON & MAINE CORPORATION            :           MCF ISSUED___✓___
Iron Horse Park                       :           BY DPTY. CLK.___M.P.___
North Billerica, MA 01862             :           DATE ___6/17/2005___
                                      :
            Defendants                :      NO.
                                      :                           RBC
                            **CIVIL ACTION**    MAGISTRATE JUDGE_____

1.    The Plaintiff, James J. Brady Jr., is an adult individual residing at 2 W. Hobart Street, Nashua, New Hampshire, 03060.

2.    The Defendant, National Railroad Passenger Corporation is a corporation organized and existing under the laws of the District of Columbia, doing business at and whose address for service of process is 253 Summer Street, Boston, Massachusetts 02210.

3.    The Defendant, Boston & Maine Corporation is a corporation organized and existing under the laws of the State of Massachusetts, whose principal place of business and address for service of process is Iron Horse Park, North Billerica, Massachusetts 01862.

4.    This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60; The Federal Safety Appliance Act, 45 U.S.C. §§1-16; and the Boiler Inspection Act, 45 U.S.C. §§22-34.

5.    At all times hereto, the Defendant, National Railroad Passenger Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

6.    At all times hereto, the Defendant, Boston & Maine Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

7.    At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

8.    At the time and place hereinafter mentioned, the Plaintiff was employed by the Defendants and was acting in the scope of his employment by the Defendants and was engaged in the furtherance of interstate commerce within the meaning of said Act.

9.    The injuries and disability of Plaintiff while working as an employee of the Defendants was caused by his exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

10.    All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

- 2 -

11.    Plaintiff's exposure began in or around August 1975 when he started working for the Defendant, Boston & Maine Corporation and continues through and including the present while Plaintiff is working as an assistant foreman/flagman in and around Readville, Massachusetts for the Defendant, National Railroad Passenger Corporation.

12.    Plaintiff's illness was diagnosed as asbestosis on or about August 12, 2002.

13.    Plaintiff first discovered that he had sustained asbestosis from exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos,  on or about August 12, 2002.

14.    Plaintiff's asbestosis was caused and/or contributed by in whole or in part by the negligence, carelessness and/or recklessness of the Defendants, generally and more specifically as follows:

a)    In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with, touching or inhaling toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

b)    In failing to provide the Plaintiff with reasonably safe and sufficient personal safety apparel and equipment including but not limited to respirators as was necessary to protect him from being injured, poisoned, disabled, killed or otherwise harmed, by working with, using, handling and/or coming in contact with and being exposed to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

- 3 -

c)      In failing to provide Plaintiff with a reasonably safe place in which to work.

d)      In failing to minimize or eliminate Plaintiff's exposure to toxic and/or
        pathogenic dusts, fumes, vapors, mists or gases, including but not limited
        to asbestos, by providing ventilating and exhaust fans, dampening or
        wetting procedures and other recommended and available procedures.

e)      In failing to conduct any tests to determine the presence and/or amount of
        toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including
        but not limited to asbestos,  in and around the Plaintiff's workplace.

f)      In failing to transfer Plaintiff from workplaces where he had been exposed
        to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including
        but not limited to asbestos, to other employment with no such or lesser
        exposure.

g)      In failing to conduct physical examinations of Plaintiff of such quality as
        to detect any effects of toxic and/or pathogenic dusts, fumes, vapors,
        mists or gases, including but not limited to asbestos, so that its
        employees, such as Plaintiff, could be advised as to the dangers of such
        exposure so Plaintiff could take appropriate safety measures.

h)      In failing to issue and enforce appropriate safety rules limiting or
        eliminating exposure to toxic and/or pathogenic dusts, fumes, vapors,
        mists or gases, including but not limited to asbestos.

i)      In failing to obey appropriate and applicable federal and state regulations
        and industrial hygiene recommendations intended to protect Plaintiff from

- 4 -

exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

15.    As a direct and proximate result, in whole or part of one or more of the foregoing negligent or unlawful acts on the part of the Defendants, Plaintiff suffered exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, which caused him to sustain a severe injury to his body and respiratory system.

16.    As a result, Plaintiff has suffered pain, nervousness and mental anguish and has been obliged to spend various sums of money to treat his diseases and injuries, sustained a loss of earnings and earning capacity, and his enjoyment of life has been greatly impaired.

WHEREFORE, the Plaintiff demands judgment against the Defendants, National Railroad Passenger Corporation and Boston & Maine Corporation, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs and interest thereon.

HANNON & JOYCE

Dated: 6/17/05

BY:

THOMAS J. JOYCE, III, ESQUIRE
The Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 6/17/05

Michael J. McDevitt

MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

- 5 -

℠JS 44  (Rev. 3/99)                                **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** James J. Brady Jr.
2 W. Hobart Street
Nashua, NH 03060

**DEFENDANTS** National Railroad Passenger Corp.
253 Summer Street
Boston, MA 02210

(see attached)

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** HANNON & JOYCE
The Public Ledger Bldg. - Ste. 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

LAWSON & WEITZEN LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

Attorneys (If Known)

05 11281 GAO

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                       and one Box for Defendant)

| | DEF | | | DEF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ Judgment | ☒ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | Product Liability | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| | | | ☐ 730 Labor/Mgmt.Reporting | | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | Determination Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN**     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to
District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Federal Employers Liability Act 45 U.S.C. §§51–60 et seq.

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $** 150,000.00     CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

**VIII. RELATED CASE(S)
IF ANY**

(See
instructions):

JUDGE

DOCKET NUMBER

DATE  6/17/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

ADDITIONAL DEFENDANT:

Boston & Maine Corporation
Iron Horse Park
North Billerica, MA 01862

# 05 11281 GAO

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) James J. Brady Jr. vs. National Railroad Passenger Corporation

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        *Also complete AO 120 or AO 121
                                                                                   for patent, trademark or copyright cases

   [X]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,     05 11281 GAO
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES [ ]    NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                                                    YES [ ]    NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES [ ]    NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES [ ]    NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES [ ]    NO [X]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [X]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                    YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael J. McDevitt
ADDRESS LAWSON & WEITZEN LLP, 88 Black Falcon Ave., Ste. 345, Boston, MA 02210
TELEPHONE NO.  (617) 439-4990

(Coversheetlocal.wpd - 10/17/02)