UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11281 GAO

| | | |
|---|---|---|
| JAMES J. BRADY, JR.<br>2 W. HOBART STREET<br>NASHUA, NH 03060<br>    Plaintiff | *<br>*<br>*<br>* | ANSWER OF NATIONAL<br>RAILROAD PASSENGER CORPORATION<br>TO PLAINTIFF'S COMPLAINT |
| Vs. | *<br>* | |
| NATIONAL RAILROAD<br>PASSENGER CORPORATION<br>253 SUMMER STREET<br>BOSTON, MA 02210<br>    and | *<br>*<br>*<br>* | |
| BOSTON AND MAINE CORPORATION<br>IRON HORSE PARK<br>NORTH BILLERICA, MA. 01862<br>    Defendants | *<br>*<br>*<br>* | |

Now comes the Defendant National Railroad Passenger Corporation (hereinafter referred to as "Amtrak" and answers the allegations set forth in the Plaintiff's Complaint as follows:

1. Defendant Amtrak admits the allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2. Defendant Amtrak admits the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. Defendant Amtrak is not called upon to either admit or deny the allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4. Defendant Amtrak is not called upon to either admit or deny the allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5. Defendant Amtrak admits the allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant Amtrak is not called upon to either admit or deny the allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant Amtrak denies the remaining allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant Amtrak admits that the Plaintiff has been employed by the Defendant. Defendant denies the remaining allegations set forth in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant Amtrak denies the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant Amtrak admits that it had exclusive control of the property, equipment and operations when the Plaintiff was employed by Amtrak ,but Defendant Amtrak denies the remaining allegations set forth in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant Amtrak denies the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12. Defendant Amtrak denies the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13. Defendant Amtrak lacks sufficient knowledge to either admit or deny the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. a-i. Defendant Amtrak denies the allegations set forth in Paragraph 14 a-i of the Plaintiff's Complaint.

15. Defendant Amtrak denies the allegations set forth in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant Amtrak denies the allegations set forth in Paragraph 16 of the Plaintiff's Complaint.

WHEREFORE, the Defendant Amtrak denies that the Plaintiff is entitled to judgment against it as alleged in the Complaint.

ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. If Defendant AMTRAK were guilty of any negligence proximately causing the injuries and damages set forth in the Complaint, all of which AMTRAK expressly denies, then plaintiff is guilty of negligence contributing to cause said injuries and damages.

3. Plaintiff's claim should be barred because Plaintiff was guilty of negligence which was a contributing cause of Plaintiff's injuries and which negligence was greater than the amount of negligence, if any, attributable to Defendant AMTRAK, or alternatively, the Plaintiff's claim should be reduced by the amount of Plaintiff's negligence.

4. The actions or inactions of Defendant AMTRAK were not the proximate cause of Plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superseding causes for which AMTRAK was not responsible.

5. The acts or failures to act alleged in the Complaint were committed or omitted, if at all, by parties for whose conduct or inaction AMTRAK was not, and is not, legally responsible.

6. Plaintiff's claims are barred because Plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the Plaintiff has failed to mitigate them.

7. Plaintiff's claim is barred for failure to join one or more indispensable parties.

WHEREFORE, the Defendant AMTRAK respectfully requests that the Court:

    1. Deny the relief sought by Plaintiff in the Complaint and dismiss said Complaint with prejudice;
    2. Award AMTRAK its reasonable costs and attorney's fees; and

3.  Order such other and further relief as the Court deems just and proper.

DEFENDANT AMTRAK DEMANDS TRIAL BY JURY.

                                        NATIONAL RAILROAD
                                        PASSENGER CORPORATION
                                        By its Attorney,

                                        */s/ Paul J. Sahovey*
                                        Paul J. Sahovey
                                        Assistant General Counsel
                                        Ten Park Plaza

Dated:   July 7, 2005                Boston, MA 02116

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11281 GAO

| | | |
|---|---|---|
| JAMES J. BRADY, JR. | * | |
| 2 W. HOBART STREET | * | |
| NASHUA, NH 03060 | * | |
| Plaintiff | * | CROSSCLAIM OF DEFENDANT |
| | * | NATIONAL RAILROAD |
| Vs. | * | PASSENGER CORPORATION |
| | * | AGAINST BOSTON AND |
| NATIONAL RAILROAD | * | MAINE CORPORATION |
| PASSENGER CORPORATION | * | |
| 253 SUMMER STREET | * | |
| BOSTON, MA 02210 | | |
| and | | |
| | | |
| BOSTON AND MAINE CORPORATION | * | |
| IRON HORSE PARK | * | |
| NORTH BILLERICA, MA. 01862 | * | |
| Defendants | * | |

Now comes the Defendant/Plaintiff in Cross Claim Massachusetts Bay Transportation Authority (hereinafter referred to as "MBTA") and interposes the following Cross Claim against Defendant/Defendant in Cross Claim Boston and Maine Corporation as follows:

1. Plaintiff James J. Brady, Jr. has filed a claim alleging that Co-Defendants permitted the Plaintiff to suffer from lung disease, which allegedly resulted from plaintiff's long term exposure to asbestos or asbestos-containing products in the workplace.

2. Defendant/Defendant in Cross Claim Boston and Maine Corporation (hereinafter referred to as the "B & M") is, and was at the time of the Decedent's alleged exposure, a duly organized railroad, operating as a common carrier, engaged in interstate commerce within the meaning of the Federal Employers' Liability Act and having its principle place of business located at Iron Horse Park, North Billerica, Massachusetts.

3. Defendant/Plaintiff in Cross Claim Massachusetts Bay Transportation Authority (hereinafter referred to as "MBTA") is a body politic and corporate and having its principle offices located at 10 Park Plaza, Boston, MA.

4. Jurisdiction for this Cross Claim is predicated upon rule 13(g) of the Massachusetts Rules of Civil Procedure and the ancillary jurisdiction of this Court.

## COUNT I (CONTRIBUTION)

5. Defendant/Plaintiff in Cross Claim MBTA restates, re-alleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 4 of this Cross Claim.

6. In the event that the Plaintiff James J. Brady, Jr. recovers a judgment against the Defendant/Plaintiff in Cross Claim MBTA, such liability resulted from the negligent failure of Defendant B&M to provide the Plaintiff with a safe work place, and such failure resulted in the Plaintiff's suffering injury due to this negligence.

7. In the event that the Plaintiff James J. Brady, Jr. recovers a judgment against the Defendant/Plaintiff in Cross Claim MBTA, then, in that event, Defendant/Plaintiff in Cross claim MBTA is entitled to contribution from the Defendant/Defendant in Cross Claim B&M pursuant to M.G.L. Chapter 231B.

Wherefore Defendant/Plaintiff in Cross Claim MBTA respectfully requests that this honorable Court:

1. Award Defendant/Plaintiff in Cross Claim MBTA judgment with respect to its Cross Claim against Defendant/Defendant in Cross Claim B&M;

2. Award Defendant/Plaintiff in Cross Claim MBTA any and all costs and attorney's fees associated with the litigation of this Cross Claim;

3. Award any other remedy which this Honorable Court should deem just and proper.

Defendant/Plaintiff
in Cross Claim
Massachusetts Bay
Transportation Authority
By its Attorney

/s/ Paul J. Sahovey
Paul J. Sahovey
Assistant General Counsel
10 Park Plaza
Boston, MA 02116
(617) 222-3189
BBO # 437900