UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division
Boston

| | |
|---|---|
| JAMES J. BRADY, JR., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL RAILROAD )<br>PASSENGER CORPORATION )<br>)<br>Defendant ) | Civil Action No.: 05-11281-GAO |

**PROPOSED JOINT SCHEDULING PLAN**
**PURSUANT TO RULE 16(B) AND 26(F)**

1.  Statement of the Case

This case involves a personal injury action brought pursuant to an Act of Congress known as the Federal Employer's Liability Act (FELA), 45 U.S.C., Sec. 51 et seq. James Brady worked for the defendant railroads from 1975 through the present as an assistant foreman/flagman.

As a result of his job duties, Plaintiff was exposed to asbestos, including but not limited to exposure to toxic dusts, fumes, vapors, mists, and gases. It is Plaintiff's claim that as a result of the Defendant's negligence, Plaintiff was diagnosed with asbestosis.

Defendants failed to provide Plaintiff with a safe work environment under the FELA, specifically, failing to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed.

The Defendants deny Plaintiff's claims and further deny that their alleged negligence was the proximate cause of Plaintiff's asbestosis.

      2.      <u>Joint Discovery Plan</u>

The attorneys for the parties have reached an agreement for a proposed Pretrial schedule as follows:

      (a)      All additional parties shall be joined by December 15, 2005.

      (b)      Amendment of pleadings shall be completed by December 15, 2005.

      (c)      Parties will exchange initial disclosures by December 15, 2005.

      (d)      All fact discovery should be completed by March 15, 2006.

      (e)      All experts who may be witnesses for the Plaintiff shall be designated no later than April 15, 2006.

      (f)      All experts who may be witnesses for the Defendants shall be designated no later than May 15, 2006.

      (g)      All expert discovery shall be completed by June 15, 2006.

      (h)      All motions for Summary Judgment to be filed by July 15, 2006.

Thomas J. Joyce, III, Esq., of Hannon & Joyce, and Michael J. McDevitt, of Lawson & Weitzen, LLP, counsel for Plaintiff James Brady, and Paul Sahovey, Esq. of Massachusetts Bay Transportation Authority, counsel for Defendant, National Railroad Passenger Corporation, have conferred concerning the above discovery schedule and expenses.

Counsel for the parties have discussed informally exchanging discovery to reduce the cost of litigation to our clients and agreed to conform to the obligation to limit discovery set forth in F.R.C.P. 26(b). Discovery is expected to include all relevant information including but not limited to Plaintiff's work and medical history as well as Defendant's safety, medical and environmental efforts regarding exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including asbestos.

The parties and their respective counsel have conferred regarding settlement. The Plaintiff settled with Defendant Boston & Maine Corporation. The Plaintiff has made a

demand to the Defendant AMTRAK, and the Defendant is currently evaluating the case for settlement.

Respectfully Submitted,

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| /s/Thomas J. Joyce, III, Esq.<br>Thomas J. Joyce, III, Esq.<br>HANNON & JOYCE<br>Public Ledger Building, Suite 1000<br>150 S. Independence Mall West<br>Philadelphia, PA   19106<br>215-446-4460 | /s/ Paul Sahovey, Esq.<br>Paul Sahovey, Esq.<br>Massachusetts Bay<br>Transportation Authority<br>10 Park Plaza<br>Boston, MA  02116-3974<br>617-222-3189 |
| /s/ Michael J. McDevitt, Esq.<br>Michael J. McDevitt, Esq.<br>Lawson & Weitzen<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA   02210<br>617-439-4990<br>Local Counsel for Plaintiff | |

Date: November 15, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Eastern Division
Boston

| | | |
|---|---|---|
| JAMES J. BRADY, JR. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 05-11281GAO |
| | ) | |
| NATIONAL RAILROAD | ) | |
| PASSENGER CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

**REPORT OF PARTIES' PLANNING CONFERENCE**

Pursuant to this Court's Order, Thomas J. Joyce, III and Michael McDevitt, representing Plaintiff, and Paul Sahovey, representing the Defendant, met on November 15, 2005, pursuant to Rule 26(f) to discuss:

(1)   the nature and basis of their claims and defenses;

(2)   the possibility for a prompt settlement or resolution of this case;

(3)   to make or arrange for the disclosures required under Rule 26(a)(1); and

(4)   to develop a discovery plan.

To that end, the parties propose the following:

A.   The issues in this case may be simplified by taking the following steps:

   1.   The parties will exchange written Interrogatories and Request for production of Documents;

   2.   Defendant will take Plaintiff's discovery deposition;

   3.   Plaintiff will be made available for defense medical examination;

   4.   Plaintiff will take the discovery deposition of Defendant's Safety Director, and Medical Director; and

        5.       The parties will conduct site inspection of Plaintiff's workplace.

B.       The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

        1.       None

C.       Discovery will be needed on the following subjects:

        1.       Plaintiff's work history;

        2.       Plaintiff's medical history;

        3.       Plaintiff's exposure to asbestosis;

        4.       Defendant's safety program to prevent occupational asbestosis;

        5.       Causation; and

        6.       Plaintiff's economic and non-economic damages

D.       Discovery should be conducted in phases.

E.       Discovery is not likely to be contentious and management of discovery should be referred to the Magistrate Judge.   YES **X**   NO____

F.       The parties do not consent to this matter being referred to the Magistrate Judge for final disposition.

G.       The parties have discussed the possibility of alternative dispute resolution, and this case would be appropriate for mediation.

H.       The parties have discussed a prompt settlement or other resolution of this matter. The Plaintiff has made a written demand of $100,000.00, and the Defendant has offered $0.

I.       The Court should consider the following methods of expediting the resolution of this matter: A settlement conference following completion of discovery.

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| /s/ Thomas J. Joyce, Esq.<br>Thomas J. Joyce, III, Esq.<br>HANNON & JOYCE<br>Public Ledger Building, Suite 1000<br>150 S. Independence Mall West<br>Philadelphia, PA  19106<br>215 446-4460 | /s/ Paul Sahovey, Esq.<br>Paul Sahovey, Esq.<br>Massachusetts Bay<br>Transportation Authority<br>10 Park Plaza<br>Boston, MA   02116-3974<br>617-222-3189 |

/s/ Michael J. McDevitt, Esq.
Michael J. McDevitt, Esq.
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA   02210
617-439-4990
Local Counsel for Plaintiff


Date:   November 15, 2005